IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs October 7, 2003

## ADRIAN WHITE v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**No. P-23047    Bernie Weinman, Judge**

---

**No. W2002-02755-CCA-R3-PC  - Filed March 1, 2004**

---

The petitioner appeals the dismissal of his petition for post-conviction relief.  The lower court held that the petition was barred by the post-conviction statute of limitations.  Because the record supports this determination, we affirm.

**Tenn. R. App. P. 3; Judgment of the Criminal Court is Affirmed.**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and NORMA MCGEE OGLE, JJ., joined.

Robert C. Brooks, Memphis, Tennessee, for the Appellant, Adrian White.

Michael E. Moore, Solicitor General; Jennifer L. Bledsoe, Assistant Attorney General; William L. Gibbons, District Attorney General; and John W. Campbell, Assistant District Attorney General, for the Appellee, State of Tennessee.

### OPINION

On October 30, 1996, the petitioner, Adrian White, was convicted by a jury in the Shelby County Criminal Court of first degree murder and two counts of aggravated robbery.  The conviction was affirmed by this court, and on December 14, 1998, the supreme court denied permission to appeal.  *See State v. Adrian White*, No. 02C01-9710-CR-00384 (Tenn. Crim. App., Jackson, July 8, 1998), *perm. app. denied* (Tenn. 1998).  On June l4, 2000, the petitioner filed a petition for post-conviction relief in the lower court.

In the petition, he alleged that his conviction was the result of ineffective assistance of counsel.  Specifically, he asserted that trial counsel failed (1) to call eyewitnesses who could have exonerated the petitioner; (2) to adequately prepare for trial; (3) to impeach or effectively cross-examine prosecution witnesses, and (4) to file pretrial motions to suppress witness identifications of the petitioner, to suppress the petitioner's pretrial statement, and to dismiss the element-deficient

indictment. The post-conviction court found that the petition was barred by the post-conviction statute of limitations and dismissed the petition; the petitioner filed a notice of appeal.

In his appellate brief, the petitioner asserts that principles of due process require that this court vacate the dismissal order and remand the case for the appointment of counsel and the holding of an evidentiary hearing. He asserts that his post-conviction petition was filed by "a legal aide," who erroneously determined the filing deadline and upon whose assistance the petitioner relied. In particular, he claims in his brief that his prison legal advisor told him that the petition would not be barred until one year following this court's entry of an order on March 20, 1999, that denied his motion to stay the mandate in his appeal from his conviction. The state counters that ignorance of the law is an insufficient basis for excusing the timely filing of the petition and that the petition cites no other basis for avoiding the statute of limitations.

The post-conviction statute of limitations is set forth in Code section 40-30-102:

(a) Except as provided in subsections (b) and (c), a person in custody under a sentence of a court of this state must petition for post-conviction relief under this part within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final, or consideration of such petition shall be barred. The statute of limitations shall not be tolled for any reason, including any tolling or saving provision otherwise available at law or equity. Time is of the essence of the right to file a petition for post-conviction relief or motion to reopen established by this chapter, and the one-year limitations period is an element of the right to file such an action and is a condition upon its exercise. Except as specifically provided in subsections (b) and (c), the right to file a petition for post-conviction relief or a motion to reopen under this chapter shall be extinguished upon the expiration of the limitations period.

(b) No court shall have jurisdiction to consider a petition filed after such time unless:

(1) The claim in the petition is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required. Such petition must be filed within one (1) year of the ruling of the highest state appellate court or the United States supreme court establishing a constitutional right that was not recognized as existing at the time of trial;

(2) The claim in the petition is based upon new scientific evidence establishing that such petitioner is actually innocent of the offense or offenses for which the petitioner was convicted; or

(3) The claim asserted in the petition seeks relief from a sentence that was enhanced because of a previous conviction and such conviction in the case in which the claim is asserted was not a guilty plea with an agreed sentence, and the previous conviction has subsequently been held to be invalid, in which case the petition must be filed within one (1) year of the finality of the ruling holding the previous conviction to be invalid.

(c) This part contemplates the filing of only one (1) petition for post-conviction relief. In no event may more than one (1) petition for post-conviction relief be filed attacking a single judgment. If a prior petition has been filed which was resolved on the merits by a court of competent jurisdiction, any second or subsequent petition shall be summarily dismissed. A petitioner may move to reopen a post-conviction proceeding that has been concluded, under the limited circumstances set out in § 40-30-217.

Tenn. Code Ann. § 40-30-102 (2003).

To be sure, our supreme court in the past has applied principles of due process to allow a post-conviction petitioner to avoid the bar of the statute of limitations. *See, e.g., Seals v. State*, 23 S.W.3d 272, 279 (Tenn. 2000) ("[D]ue process requires tolling of the statute of limitations where a petitioner is denied the reasonable opportunity to assert a claim in a meaningful time and manner due to mental incompetence."); *Burford v. State*, 845 S.W.2d 204, 208 (Tenn. 1992) ("[A]pplication of the statute may not afford a reasonable opportunity to have the claimed issue heard and decided."). Due process principles were more recently applied in a statute-of-limitations issue in *Williams v. State*, 44 S.W.3d 464 (Tenn. 2001).

Williams' 1993 murder conviction had been affirmed on appeal by this court, but Williams' court-appointed trial counsel filed neither a timely Tennessee Rule of Appellate Procedure 11 application for permission to appeal to the supreme court nor a Tennessee Supreme Court Rule 14 motion for leave to withdraw. *Id.* at 465. Counsel's belated application for permission to appeal, filed ten months following this court's judgment affirming the petitioner's conviction, was denied by the supreme court as untimely. *Id.* at 466; *see* Tenn. R. App. P. 11 (establishing a 60-day period for filing an application for discretionary appeal to the supreme court). Then, more than a year following this court's judgment affirming his convictions, Williams filed a petition for post-conviction relief in which he alleged that ineffective assistance of trial counsel had cost him his opportunity to have his direct appeal considered by the supreme court pursuant to Rule 11. *Id.* at

-3-

466-67. The post-conviction court dismissed the petition as being time barred. *Id.* at 466. On appeal, the supreme court held that

> [B]ecause the [petitioner] may have been deprived by his counsel of a reasonable opportunity to seek post-conviction relief, due process considerations may have tolled the limitations period during this time when the [petitioner] was unable to seek such relief. Because the record needs further development for this Court to decide this issue, we . . . remand the case to the trial court for further evidentiary hearing to determine the circumstances surrounding the [petitioner's] untimely filing of his post-conviction petition.

*Id.* at 465.

In reaching this conclusion, the supreme court said that "if a defendant erroneously believes that counsel is continuing to represent him or her, then the defendant is essentially precluded from pursuing certain remedies independently, [because] it is well-established that defendants are generally restricted from representing themselves while simultaneously being represented by counsel." *Id.* at 469. The court also noted that the post-conviction law contemplates that post-conviction relief will be sought *after* the direct appeal is concluded. *Id.* at 469-70. Because trial counsel did not withdraw, Williams claimed he did not know that counsel was not going to pursue a discretionary appeal, and because counsel filed no Rule 11 application, "neither a Rule 11 application nor a post-conviction petition was filed [in the succeeding months]." *Id.* at 470-71. The court said, "If Williams was under the impression that a Rule 11 application was pending during this time, then he was precluded from acting *pro se* to pursue post-conviction relief while presumably being represented by counsel." *Id.* at 471. The supreme court concluded that whether Williams had been "misled to believe that counsel was continuing the appeals process" was an unresolved fact question, and "[f]urther development of the record [was] required to determine the precise circumstances surrounding [Williams'] understanding of his relationship to counsel." *Id.*

We infer from the terms of the remand in *Williams* that, on remand, the post-conviction court could have found facts, consistently with due process principles, that would have barred his claim. For instance, the post-conviction claim would have been barred were the lower court to determine that Williams had not been misled by counsel or that he had received a reasonable opportunity within the one-year statutory period to file his post-conviction claim.

In our view, *Williams* is significantly distinguishable from the case at bar. In the present case, the petitioner had not been represented by counsel since December 14, 1998, the date the supreme court denied his Rule 11 application. Yet, he filed no post-conviction petition until June 14, 2000. During the intervening 18 months, unlike the situation in *Williams*, the petitioner's *pro se* legal activity was not preempted by representation of counsel, ostensible or otherwise, and he was unhampered in filing a post-conviction petition because of the pendency of a direct appeal, apparent or otherwise.

-4-

Neither the issuance of this court's mandate nor the ill-conceived March 9, 1999 motion to this court to stay the mandate served to delay the finality of the direct appeal beyond December 14, 1998. The conviction judgment clearly became final on December 14, 1998, the date the supreme court denied a discretionary appeal. *See Jeffrey E. Dunlap v. State*, No. E2001-00189-CCA-R3-PC, slip op. at 3 (Tenn. Crim. App., Knoxville, Oct. 16, 2001), *perm. app. denied* (Tenn. 2002) ("final action of the supreme court is on the date of filing of either their opinion or their denial of the application for permission to appeal"). Moreover, the petitioner had no right to counsel following the termination of his appeal. *See, e.g.,* Tenn. Sup. Ct. R. 28 § 6(B)(3)(a) (post-conviction court appoints counsel for indigent petitioner *after* petition stating a colorable claim is filed); *Douglas v. California,* 372 U.S. 353, 357-58, 83 S. Ct. 814, 816-17 (1963) (Fourteenth Amendment to the United States Constitution guarantees an indigent criminal defendant the right to counsel not only at trial but also in the first appeal of right); *Melvin J. Flowers v. Charles Traughber*, No. 01A01-9609-CH-00392, slip op. at 12 (Tenn. Ct. App., Nashville, Mar. 27, 1997) ("Once the process goes beyond the trial and the direct appeal as of right stage, the state has no duty to provide an attorney for the indigent defendant.") (citing, *inter alia*, *Ross v. Moffitt*, 417 U.S. 600, 616, 94 S. Ct. 2437, 2446 (1974), and *Pennsylvania v. Finley*, 481 U.S. 551, 555, 107 S. Ct. 1990, 1993 (1987)), *perm. app. denied* (Tenn. 1997). Essentially, the petitioner was on his own when the direct appeal ended. Having no claim to the services of an attorney, the petitioner had the choice of relying upon his own abilities or accepting the assistance of other inmates who were willing, but not necessarily able, to serve. It may have been a Hobson's choice, but it was all the law afforded him.

Thus, we discern no basis in the record for allowing the petitioner to avoid the bar of the one-year statute of limitations. The judgment of the post-conviction court is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE